# IN THE UNITED STATES DISTRICT COURT FOR
# THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VIENNA ESTABLISHMENTS, LIMITED d/b/a TRADEWAYS LTD., <br><br> Plaintiff, <br><br> v. <br><br> GENTEX CORPORATION, <br><br> Defendant. | CIVIL ACTION NO. _____ <br><br> JURY TRIAL DEMANDED |

## COMPLAINT AND JURY DEMAND

Plaintiff, Vienna Establishments, Limited d/b/a Tradeways, Ltd. ("Tradeways"), files this Complaint against Defendant, Gentex Corporation ("Gentex" or the "Defendant"), and, in support thereof, states as follows:

### PARTIES

1. Tradeways is a Delaware Corporation with its principal place of business located at 184 Duke of Gloucester Street, Annapolis, Maryland 21401.

2. Upon information and belief, Gentex is a Delaware Corporation with its principal place of business located at 324 Main Street, Simpson, Pennsylvania 18407.

133901259

## JURISDICTION

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, in that there is complete diversity of citizenship between the Parties and the amount in controversy in this action exceeds $75,000.00, exclusive of interest and costs.

4. Gentex is subject to this Court's general and specific jurisdiction because it conducts business in the Commonwealth of Pennsylvania and has purposely availed itself of the privileges and benefits of the laws of the Commonwealth of Pennsylvania.

5. Venue is appropriate in this Court pursuant to the provisions of 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## Factual Background

6. Founded in 1974, Tradeways is a distributor engaged in the export of defense equipment to allied governments and other commercial clients.

7. Gentex develops and/or sells personal protection and situational awareness equipment for global defense forces, emergency responders, and industrial personnel.

133901259

8. Pursuant to an International Distributor Agreement, Tradeways engaged Young-Jin Hi-Tek Young ("Young Jin Hi-Tek") as its agent and cultural liaison in South Korea.

### The Agreements Between Gentex and Tradeways

9. On or about April 9, 2014, Gentex and Tradeways entered into a Representative Agreement in which Gentex engaged Tradeways to promote the sale of Gentex's TACAIR Advanced CBRN Respirator (*i.e.* aircrew mask) equipment to the Republic of Korea. A copy of the Representative Agreement is attached hereto as **Exhibit 1.**

10. In addition to facilitating the sale of Gentex's TACAIR Advanced CBRN Respirator ("CBRN Respirator"), Tradeways was responsible for providing contacts, arranging meetings, and overall aiding in the sale and distribution of Gentex's CBRN Respirator to the Republic of Korea.

11. Upon a sale facilitated by Tradeways, Gentex was and remains obligated to pay Tradeways a commission of ten percent (10%) of the contract price to the Republic of Korea. [Representative Agreement, at ¶ 4].

12. Among other things, the Representative Agreement obligated Gentex to pay Tradeways the foregoing commission within thirty (30) days of the date of Gentex's receipt of the customer's payment. [Id.].

133901259

13.     The original term of the Representative Agreement ran for one (1) year, and was set to expire on April 9, 2015.  [Id., ¶ 15].

14.     On or about June 12, 2014, the Parties amended the Representative Agreement to expand the territory in which Tradeways was permitted to sell Gentex's authorized products.  A copy of the First Amendment to Representative Agreement is attached hereto as **Exhibit 2.**

15.     On or about April 22, 2015, the Parties executed a Second Amendment to Representative Agreement, which again expanded the territory in which Tradeways was permitted to sell Gentex authorized products and extended the term of the Representative Agreement to April 9, 2017.  A copy of the Second Amendment to Representative Agreement is attached hereto as **Exhibit 3**.

16.     On or about April 10, 2017, the Parties executed a Third Amendment to Representative Agreement, extending the term of the Representative Agreement to April 9, 2018.  A copy of the Third Amendment to Representative Agreement is attached hereto as **Exhibit 4.**

17.     In addition to the Representative Agreement, on or about January 4, 2017, Gentex, Tradeways, Young Jin Hi-Tek (as agent to Gentex), and Korea Aerospace Industries Ltd. entered into a Technical Assistance Agreement, which permits Gentex and Tradeways (and its agent, Young Jin Hi-Tek ), to engage in technical decisions with representatives and/or agents of the Republic of Korea.  A

4

true and correct copy of the Technical Assistance Agreement is attached as **Exhibit 5.**

18. The Technical Assistance Agreement was filed with the United States Department of State, and was set to expire on October 30, 2027. [See Technical Assistance Agreement, § I(3)]**.**

19. On or about June 7, 2018, Gentex, Tradeways, Young Jin Hi-Tek, and the Republic of Korea entered into an Amended Technical Assistance Agreement. A true and correct copy of the Amended Technical Assistance Agreement is attached as **Exhibit 6**.

20. Pursuant to the Amended Technical Assistance Agreement, the parties agreed and acknowledged that Tradeways would "support the parties by providing contacts, arranging meetings, and overall aiding the team in communication with the Korean parties," in connection with Gentex's sale of the CBRN Respirators to the Republic of Korea. [See Amended Technical Assistance Agreement, p. 1].

21. The parties further agreed and acknowledged that Young Jin Hi-Tek was a representative of Tradeways in South Korea, and that Young Jin Hi-Tek would act as "a cultural liaison with the Korean parties and in that capacity will facilitate discussions between Gentex, Tradeways, [and the Republic of Korea] regarding the proposal, function of the hardware, coordination of training, and other technical discussions." [See id.].

5

133901259

22. The term of the Amended Technical Assistance Agreement does not expire until April 30, 2024.  [See id., § I(3)].

23. On or about July 18, 2018, following a meeting between Tradeways and Gentex in the Republic of Korea held the week prior, Tradeways emailed a Fourth Amendment to Representative Agreement to Mike Stump of Gentex, memorializing the parties' agreement to extend the term of the Representative Agreement to June 30, 2020.  A true and correct copy of the Fourth Amendment to Representative Agreement is attached as **Exhibit 7**.

24. Tradeways resent the Fourth Amendment to Representative Agreement to Mr. Stump on August 1, August 7, August 14 and August 22, 2018.  Mr. Stump never responded to Tradeways' emails regarding the Fourth Amendment and never returned an executed copy of the Fourth Amendment to Tradeways.  [See Exhibit 7].

25. Despite its failure to execute the Fourth Amendment to Representative Agreement, Gentex acknowledged the validity of the Representative Agreement, and continued to demand that Tradeways provide the services required of it under the Representative Agreement.

26. As set forth in further detail below, after years of negotiations during which Tradeways acted at all times in accordance with the Representative

Agreement, Tradeways procured and facilitated a contract in October 2020 between Gentex and the Republic of Korea valued at $22,686.832.00

27.     Despite there being no meritorious basis, Gentex refuses, in bad faith, to pay the commissions that Tradeways earned under the Representative Agreement in connection with the contract that Tradeways secured for Gentex with the Republic of Korea.

## History of Negotiations

28.     Beginning in 2013, Tradeways introduced Gentex to an opportunity to sell its CBRN Respirator product to the Republic of Korea.  [See Emails between Tradeways and Gentex, attached collectively as **Exhibit 8**].

29.     Thereafter, Tradeways introduced Gentex to representatives of the Republic of Korea and arranged an initial meeting, which was attended by Gentex, Tradeways and Young Jin Hi-Tek on July 20, 2014 in the Republic of Korea. [See Email memorializing meeting, dated July 20, 2014, attached as **Exhibit 9**].

30.     Subsequent meetings and negotiations between Gentex and the Republic of Korea continued through 2020, all of which were attended by Tradeways and/or its agent, Young Jin Hi-Tek.  A sampling of the negotiations by and between Gentex, Tradeways, and the Republic of Korea in 2018 are attached hereto as **Exhibit 10.**  [See, e.g., March 28, 2018 email between Gentex and Tradeways to set up a meeting in the Republic of Korea in May of 2018; May 1,

7

133901259

2018 email between Gentex and Tradeways regarding a meeting in June of 2018; June 3, 2018 email between Gentex and Tradeways regarding test reports; July 2, 2018 emails discussing a meeting in the Republic of Korea regarding the proposal to sell Gentex's product to the Republic of Korea; August 17, 2018 email between Young Jin Hi-Tek and Gentex concerning the pricing terms of Gentex's sale to the Republic of Korea].

31. On or about July 7, 2018, Tradeways and Gentex attended a meeting in the Republic of Korea to discuss the terms of Gentex's sale proposal to the Republic of Korea. [See id.].

32. As a result of Tradeways' substantial efforts, on or about August 20, 2018, Gentex submitted a written proposal to the Republic of Korea with the proposed total sale price of $17,544,917. [See Proposal, attached as **Exhibit 11**].

33. On or about September 17, 2018, the Republic of Korea informed Gentex and Tradeways that Gentex's proposal passed a preliminary evaluation process, and was subject to further testing and evaluation that would take place soon thereafter. [See Email between the Young Jin Hi-Tek, Tradeways, and Gentex, attached as **Exhibit 12**].

34. On or about December 3, 2018, testing and evaluation of Gentex's CBRN Respirator product was conducted in the Republic of Korea, which Gentex

and Young Jin Hi-Tek (Tradeways' agent) attended. [See Emails between Gentex, Tradeways, and Young Jin Hi-Tek, attached as **Exhibit 13**].

35. Negotiations between Gentex and the Republic of Korea continued into 2019, all of which were facilitated by Tradeways consistent with the terms of the Representative Agreement and the Amended Technical Assistance Agreement. [See Emails between Tradeways, Gentex, and Young Jin Hi-Tek, attached as **Exhibit 14**].

36. On March 14, 2019, Tradeways representative Joseph Gorski met with Gentex representative Mike Stump in California to, among other things, discuss the ongoing negotiations with the Republic of Korea.

37. At no time during the meeting did Mr. Stump ever indicate to Mr. Gorski that Gentex believed that the Representative Agreement had expired, or was otherwise unenforceable, or that Gentex would not pay the commission it was obligated to pay to Tradeways in connection with the pending sale of Gentex's CBRN Respirator product to the Republic of Korea.

38. On or about June 5, 2019, Gentex, with Tradeways' help and assistance, submitted a draft contract to the Republic of Korea, proposing to sell Gentex's CBRN Respirator product to the Republic of Korea for $22,686,832.00. [See Draft Contract, attached as **Exhibit 15**].

39. After Gentex submitted the draft contract to the Republic of Korea, Tradeways attended at least two meetings in July and October 2019 with Gentex in the Republic of Korea to further negotiate the terms of the proposed contract.

40. On November 1, 2019, Tradeways sent Gentex an email in an effort to "save the deal" with the Republic of Korea. Gentex responded as follows: "Thanks Joe. Appreciate the thought process. Happy to look over however it would seem there process [*sic*] would struggle to accept such terms. Flexibility has not been a theme of the discussions. Will look over." [See Emails between Tradeways and Gentex, attached as **Exhibit 16**].

41. On February 21, 2020, Gentex issued an updated contract to the Republic of Korea as a result of Tradeways' extensive efforts to "save the deal." Tradeways continued to negotiate the deal between Gentex and the Republic of Korea for months thereafter. [See Emails between Gentex, Young Jin Hi-Tek, and Tradeways, attached as **Exhibit 17**].

42. On or about August 17, 2020, in order to overcome a $100,000 pricing dispute between Gentex and the Republic of Korea, Tradeways and its agent Young Jin Hi-Tek agreed to reduce their commission by $100,000. On August 19, 2020, Gentex acknowledged Tradeways' email. At no point did Gentex ever indicate that Tradeways was not entitled to a commission. [See Emails between Gentex, Young Jin Hi-Tek, and Tradeways, attached as **Exhibit 18**].

10

43. On October 26, 2020, as a result of Tradeways' efforts, Gentex entered into a contract with the Republic of Korea for the sale of Gentex's CBRN Respirator product, at a contract price of $22,686,832.00 (the "Final Contract"). [See Final Contract between Gentex and the Republic of Korea, attached as **Exhibit 19**].

44. Tradeways introduced, facilitated and procured the relationship resulting in the Final Contract between Gentex and the Republic of Korea.

45. On or about January 3, 2021, the Republic of Korea made the first installment payment due to Gentex under the Final Contract in the amount of $9,615,000. [See Emails between Tradeways and Young Jin Hi-Tek regarding payment confirmation, attached as **Exbibit 20**].

46. After Tradeways learned of the Republic of Korea's payment, Tradeways emailed Gentex demanding payment of Tradeways' 10% commission. [See Email from Tradeways dated July 6, 2021, attached as **Exhibit 21**].

47. Having not received a response, Tradeways emailed Gentex again on July 12, 2021, July 19, 2021, and July 27, 2021, demanding that Gentex pay Tradeways the commission it earned on the $22,686,832.00 sale that Tradeways secured for Gentex. [Id.].

48. On August 8, 2021, Gentex finally responded to Tradeways' demands, claiming that Gentex has no obligation to pay Tradeways because the term of the Representative Agreement expired on April 9, 2018. [See id. ("The [Representative

11

A]greement was not extended nor amended beyond the attached 3rd amendment and we did not solicit or request your services beyond the term of the agreement. No commissions are due to Tradeways per the expired agreement.")].

49. Gentex's August 8, 2021 email is the first time that Gentex ever claimed, in over seven years of negotiations, that Tradeways was not entitled to a commission.

50. Throughout the years-long negotiations between Gentex, Tradeways, and the Republic of Korea, Gentex knew that Tradeways was performing under the terms of the Representative Agreement and expected to be paid its commissions consistent with the terms of the Representative Agreement.

51. Additionally, at all times relevant, Gentex recognized Tradeways as its agent in connection with the negotiations between Gentex and the Republic of Korea over the sale of the CBRN Respirator product.

52. Even after the term of the Third Amendment to Representative Agreement ostensibly expired on April 9, 2018, Gentex demanded that Tradeways perform the services required of it under the Representative Agreement in order to finalize the $22,686,832.00 contract between Gentex and the Republic of Korea. [See Email from Gentex to Tradeways dated March 25, 2019, attached as **Exhibit 22** ("**Our agreement is with Tradeways and we expect our agents to be involved to earn this commission.**") (emphasis added)].

12

53. Tradeways procured and facilitated the relationship resulting in the Final Contract between the Republic of Korea and Gentex. Indeed, but for Tradeways' performance, Gentex would not have realized the benefits of the Final Contract with the Republic of Korea.

54. Not only did Gentex acknowledge and act consistent with the Representative Agreement, Tradeways participated in virtually every meeting and negotiation, in the United States and the Republic of Korea, and was copied on virtually every communication through and including the date Gentex's contract with the Republic of Korea was signed.

55. Indeed, Gentex continued to include Tradeways in post-contract communications after Gentex's August 2021 breach of the Representative Agreement. [See Emails between Gentex, Tradeways, and Young Jin Hi-Tik, attached as **Exhibit 23**].

56. Gentex never alleged that Tradeways breached the Representative Agreement.

57. Prior to signing the contract with the Republic of Korea, and receiving payment from the Republic of Korea, Gentex never asserted that it was not honoring its obligations under the Representative Agreement.

58. Indeed, Gentex's email denying an obligation to pay Tradeways its commission cannot be reconciled with the record, including the communications

13

between the parties through and after October of 2020 contract with the Republic of Korea.

## COUNT I
## BREACH OF CONTRACT

59. Tradeways incorporates the foregoing paragraphs as if the same were set forth fully herein.

60. The Representative Agreement is a valid and binding contract.

61. As set forth above, Tradeways fully performed under the Representative Agreement by, among other things, facilitating the sale of Gentex's CBRN Respirator product to the Republic of Korea at a Final Contract price of $22,686,832.00.

62. Pursuant to the Representative Agreement, Tradeways has earned a commission of 10% of the total sale price paid by the Republic of Korea to Gentex, which must be paid by Gentex to Tradeways within thirty (30) days of the date of Gentex's receipt of the Republic of Korea's payment. [See Representative Agreement, ¶ 4].

63. Gentex has breached the Representative Agreement by failing to pay Tradeways the commission that it earned on the sale to the Republic of Korea.

64. As a result of Gentex's breach of the Representative Agreement, Tradeways has suffered damages in an amount no less than $2,268,683.20.

14
133901259

WHEREFORE, Tradeways demands judgment against Gentex in an amount in excess of $150,000.00, together with pre and post-judgment interest, as well as such other and further relief as is just and appropriate.

## COUNT II
## FRAUD
### (In The Alternative To Breach Of Contract)

65. Tradeways incorporates the foregoing paragraphs as if the same were set forth fully herein.

66. At all times relevant, Gentex represented to Tradeways that the Representative Agreement was valid and enforceable and that Gentex intended to comply with its obligations under the Representative Agreement by paying Tradeways a commission on the sale of Gentex's CBRN Respirator product to the Republic of Korea.

67. Gentex further represented to Tradeways that Tradeways was obligated to perform under the Representative Agreement by facilitating and finalizing the sale of the CBRN Respirator product to the Republic of Korea.

68. At all times relevant, Gentex knew that Tradeways was performing under the Representative Agreement and never informed Tradeways that Gentex did not intend to comply with its obligations under the Representative Agreement, or that it believed that any obligation to pay Tradeways terminated in April of 2018.

69. Gentex's refusal to execute the Fourth Amendment to the Representative Agreement was intentional. Gentex never intended on complying with its obligations under the Representative Agreement despite acknowledging, accepting, and indeed requiring Tradeways' performance under the Representative Agreement.

70. Accordingly, Gentex knew or had reason to know that its representations to Tradeways regarding the validity and existence of the Representative Agreement were false.

71. Gentex made these representations to Tradeways in order to induce Tradeways to facilitate and finalize the $22,686,832.00 Final Contract between Gentex and the Republic of Korea.

72. Tradeways reasonably relied upon the representations made by Gentex and acted on such representations to its detriment by performing significant services, at its own expense and without pay, to facilitate and finalize the $22,686,832.00 sale to the Republic of Korea.

73. In fact, Tradeways, both directly and through its agent, Young Jin Hi-Tek, participated in all aspects of the negotiations between Gentex and the Republic of Korea through and including October of 2020, when the Final Contract between Gentex and the Republic of Korea was executed.

74. Tradeways attended meetings, had direct communications with Gentex and the Republic of Korea, and facilitated the relationship that resulted in the Final Contract between Gentex and the Republic of Korea.

75. Tradeways relied on Gentex's representations, spoken and through conduct, that it would pay Tradeways the commission it was owed for procuring and facilitating the relationship and contract with the Republic of Korea.

76. Gentex concealed from Tradeways that it did not intend to honor its obligations under the Representative Agreement, asserting that the Representative Agreement was not enforceable only <u>after</u> Tradeways had fully performed its obligations.

77. As a result of Gentex's misrepresentations and concealment of material facts, Tradeways has suffered significant financial damages.

WHEREFORE, Tradeways demands judgment against Gentex in an amount in excess of $150,000.00, together with pre and post-judgment interest, as well as such other and further relief as is just and appropriate.

## COUNT III
## <u>UNJUST ENRICHMENT</u>
### (In The Alternative To Breach Of Contract)

78. Tradeways incorporates the foregoing paragraphs as if the same were set forth fully herein.

133901259

79. Tradeways was responsible for procuring and facilitating the relationship that resulted in the Final Contract between Gentex and the Republic of Korea.

80. From 2013 through and including the date the Final Contract between Gentex and the Republic of Korea was executed, Tradeways attended meetings, participated in negotiations and was otherwise involved in every aspect of the transaction resulting in the contract between Gentex and the Republic of Korea.

81. At all times, Gentex acknowledged Tradeways' performance under the Representative Agreement and received the benefit of Tradeways' performance.

82. Tradeways conferred a benefit upon Gentex that it would not have otherwise realized but for Tradeways' performance.

83. Gentex knows and appreciates the benefit conferred on Gentex by Tradeways.

84. It would be inequitable and unjust for Gentex to retain the benefits of Tradeways performance without payment of the commissions due to Tradeways.

85. To avoid the unjust enrichment of Gentex, Gentex is obligated to pay Tradeways a commission in an amount not less than $2,268,683.20.

WHEREFORE, Tradeways demands judgment against Gentex in an amount in excess of $150,000.00, together with pre and post-judgment interest, as well as such other and further relief as is just and appropriate.

## COUNT IV
## DECLARATORY JUDGMENT

86. Tradeways incorporates the foregoing paragraphs as if the same were set forth fully herein.

87. Pursuant to the Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202, and in accordance with Fed. R. Civ. P. 57, this Court may declare the rights, status, or legal relations of interested parties to a written contract when a controversy exists between the parties regarding the contract.

88. An actual controversy exists between Gentex and Tradeways regarding whether Gentex is obligated to pay Tradeways a 10% commission on all amounts Gentex receives from the Republic of Korea in connection with the Final Contract.

89. Declaratory relief will resolve this controversy.

90. Accordingly, Tradeways is entitled to a declaration from this Court that Gentex is obligated to pay Tradeways 10% of all past and future payments received from the Republic of Korea in connection with Final Contract, and that such payment to Tradeways must issue within thirty (30) days of Gentex's receipt of payment from the Republic of Korea.

**WHEREFORE,** Tradeways respectfully request that the Court enter an Order declaring that Gentex shall pay Tradeways 10% of all past and future payments received from the Republic of Korea in connection with the Final Contract, and that

133901259

such payment to Tradeways must issue within thirty (30) days of Gentex's receipt of payment from the Republic of Korea.

## DEMAND FOR JURY TRIAL

Vienna Establishments, Limited d/b/a Tradeways, Ltd. hereby demands a trial by jury on all issues triable by a jury.

**FOX ROTHSCHILD LLP**

By: /s/ *Danielle E. Ryan*
Craig A. Styer, Esquire, I.D. No. 60253
Danielle E. Ryan, Esquire, I.D. No. 314229
747 Constitution Drive
Exton, PA  19341
*Attorneys for Plaintiff,*
*Vienna Establishments, Limited d/b/a*
*Tradeways, Ltd.*

Date:  May 17, 2022